## Bartholomew's Estate.    Bartholomew's Appeal.

*Decedent's estate—Family agreement—Distribution.*

Testator gave all of his estate to certain of his children by his first wife. The other children by his first wife instituted proceedings to contest the will, the children by the second wife not joining therein. Subsequently a written agreement was entered into by all of the children by the first wife, under which the proceedings to contest the will were to be discontinued, and the whole estate divided amongst the children by the first wife. *Held,* that testator's children by his second wife could not, either under the agreement or under the intestate laws, participate in the distribution of the estate.

Argued March 7, 1893.   Appeal, No. 8, July T., 1892, by Cyrus Bartholomew et al., from decree of O. C. Northampton Co., distributing estate of Ephraim Bartholomew, deceased. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Exceptions to report of auditor on distribution.

The auditor, P. C. Evans, Esq., found the facts as stated in the opinion of the Supreme Court. The court, SCHUYLER, P. J., dismissed exceptions.

*Errors assigned* were dismissal of exceptions, quoting them.

*F. H. Lehr,* for appellants, cited: Hanau's Est., 2 Dist. R. 127; 2 Jarman on Wills, 755; Hunter's Est., 6 Pa. 106; McClure's Ap., 72 Pa. 421; Reed's Ap., 118 Pa. 219; Chess's Ap., 87 Pa. 362; Millard's Ap., 87 Pa. 457; King v. King, 1 W. & S. 205; Newbold v. Boone, 52 Pa. 174; Schott's Est., 78 Pa. 40; Minnig v. Batdorff, 5 Pa. 503; Sterlin's Est., 7 Pa. C. C. R. 227.

*Edward J. Fox* and *O. H. Meyers,* for appellees, not heard.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 20, 1893:

This contention arose in the distribution of personal estate of Ephriam Bartholomew, who died testate in 1888, leaving to survive him seven children by his first wife, who predeceased

him, and two children, Cyrus and Jane, the appellants, by his second wife, also deceased.

As found by the learned auditor, appellants were born out of wedlock, during the lifetime of testator's first wife, but, by the subsequent marriage of their mother, Rebecca Weldy, to the testator, they were legitimated: Act May 14, 1857, P. L. 507.

After providing for payment of debts and funeral expenses said testator bequeathed to his sons William, George and James and his daughters Elavena and Amanda, five of his children by his first wife, each the sum of one dollar. The residue of his estate, real and personal, he gave in equal shares to his sons Sylvester and Andrew, the two remaining children by said first wife, and appointed his said son Andrew executor of his will. The two children by his second wife are not in any manner recognized in the will.

The will having been duly admitted to probate, the five children, to each of whom only one dollar was given, appealed from the decision of the register, assigning as the grounds thereof want of testamentary capacity and fraud, misrepresentation and exercise of undue influence in procuring the execution of the instrument.

Before the contention reached a hearing, the parties thereto, contestants and contestees, consisting only of the beneficiaries named in the will—testator's seven children by his first wife, —came together and jointly executed the agreement of November 16, 1888, the main purpose of which was to substitute, for and in lieu of testator's scheme of distribution, one of their own, whereby the net proceeds of the estate, real, personal and mixed, "shall be distributed, parted and divided equally, share and share alike" among the said seven children, viz.: Andrew, Sylvester, William, George, James, Elavena and Amanda. They further provided in said agreement that their brother Andrew, by virtue of his appointment as executor and letters testamentary granted to him, should proceed with the settlement and administration of the personal estate, etc.

In pursuance of said compromise, etc., the appeal was withdrawn, costs thereof paid and the personal estate administered. The fund for distribution was balance in hands of said executor, as shown by his account restated by the auditor.

The recitals in said compromise agreement, that the provis-

ions of the will giving only one dollar each to five of the children and the entire residue of the estate to her other two, are regarded as "highly unjust," etc., clearly show that its sole purpose was to settle the controversy and substitute an equal for a very unequal distribution of the estate among the beneficiaries named in the will. There is not the slightest indication of an intention to enlarge the class of beneficiaries so as to let in children not recognized by the testator in the distribution of his estate.

In view of the facts found by the auditor, appellants might have applied to become parties to the proceedings to contest the validity of the will, or they themselves, as children of the testator, might have inaugurated such proceedings; but they did neither, and the will not having been set aside, they have no right to participate in the fund for distribution, because they take nothing under the will. It needs neither argument nor citation of authority to sustain that proposition. The agreement affected only the distribution. It did not substitute a distribution under the intestate law, but merely an equal distribution among all the beneficiaries named in the will. Appellants were not of that class, and therefore they were not entitled to participate. If the agreement had been for a distribution generally under the intestate law it would have been otherwise.

None of the authorities cited by appellant are in point. They relate generally to the construction of wills, etc. Neither of the specifications of error is sustained.

Decree affirmed and appeal dismissed with costs to be paid by appellants.